FILED

AUG 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW CHOI, | No.    19-35154 |
| Plaintiff − Appellant, | D.C. No.  3:17−cv−02064−MO |
| v. | |
| REED INSTITUTE, DBA Reed College; MARIELA SZWARCBERG DABY, individually, | MEMORANDUM[*] |
| Defendants − Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 6, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,[**] District
Judge.

Plaintiff-Appellant Andrew Choi appeals the district court's denial of his

Federal Rule of Civil Procedure Rule 56(d) motions for more discovery and the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Benita Y. Pearson, United States District Judge for the
Northern District of Ohio, sitting by designation.

1

district court's orders granting Reed College and Professor Daby's motions for summary judgment. Choi also appeals the court's order granting Reed's motion to dismiss his Title IX claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in denying Choi's Rule 56(d) motion seeking more discovery from Daby. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018) (noting standard of review for implicit denials of Rule 56(d) motions depends on whether the information requested was relevant). Because we conclude below that the contract term at issue is unambiguous, the district court did not abuse its discretion because "the information sought would not have shed light" on the meaning of the contract term under Oregon contract law. *Id.* (ellipses and citation omitted).

But even reviewing the denial of the motion de novo, we would affirm. Under Rule 56(d), Choi must "explain what further discovery would reveal that is 'essential to justify [his] opposition' to the motion[] for summary judgment." *Id.* at 678 (second alteration in original) (citation omitted). He has not. Choi submitted both a declaration and a memorandum of law in support of his Rule 56(d) motion. Neither included the "specific facts" he hoped to obtain from discovery, much less that there were any facts that were "essential to oppose summary judgment." *Id.*

Choi's reliance on *Burlington North Santa Fe Railroad Co. v. Assiniboine &*

2

*Sioux Tribes*, 323 F.3d 767 (9th Cir. 2003) is unpersuasive. First, because the meaning of "collaborative" in the research grant contract is unambiguous, more discovery on the meaning of the term would have been futile. *See id.* at 774. Second, when Choi filed his Rule 56(d) motion, discovery had taken place and he had obtained some of the information he sought from Daby. Because Choi had a chance to serve and obtain discovery prior to filing his Rule 56(d) motion, he had a "fair opportunity to develop the record." *Id.* at 774-75 (noting that the district court could entertain a motion for summary judgment after "some discovery is concluded").

Similarly, the district court did not abuse its discretion in denying Choi's Rule 56(d) motion seeking more discovery from Reed. *See Tatum v. City and Cnty. of San Francisco*¸ 441 F.3d 1090, 1100 (9th Cir. 2006) (finding no abuse of discretion when plaintiff did not satisfy the requirements of what was then Rule 56(f)). Again, Choi did not comply with the Rule's requirements. Neither his counsel's affirmation nor the memorandum of law in support of the motion identified "specific facts" that would have helped Choi avoid summary judgment. *See id.* at 1100. While Choi did tell the district court that he sought witness testimony in four issue areas and included copies of certain discovery requests, he did not identify any information "essential" to avoiding summary judgment. *Id.* The district court did not abuse its discretion because Choi did not meet the

requirements of Rule 56(d) in either form or substance.

**2.**     Viewing the evidence in the light most favorable to Choi, *see Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 818 (9th Cir. 2014), the district court properly granted Daby and Reed's motions for summary judgment.

Daby moved for summary judgment on the only claim asserted against her—breach of contract regarding the Corbett research grant. We agree with the district court that the term "collaborative" in the Corbett research grant is unambiguous as a matter of law. *See Williams v. RJ Reynolds Tobacco Co.*, 271 P.3d 103, 109 (Or. 2011) (noting a term is ambiguous "if its wording can, in context, reasonably be given more than one plausible interpretation"); *see also Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997) ("If the [contract] provision is clear, the analysis ends."). Nothing in the text of the Corbett grant discusses or concerns (either expressly, or even implicitly) the added acknowledgement requirement Choi seeks to read into the contract. Choi's interpretation also cannot be squared with the ordinary meaning of the word "collaborative." Furthermore, while the grant has an explicit acknowledgement requirement for the parties to identify *the funding source* in any publication arising from the collaboration, there is no similar requirement of attribution acknowledgement. *Williams*, 271 P.3d at 109 ("The court must, if possible, construe the contract so as to give effect to all of its provisions.").

4

Even if we were to consider the extrinsic evidence Choi argues the district court should have considered, it does not change the outcome. *See Batzer Const., Inc. v. Boyer*, 129 P.3d 773, 778 (Or. Ct. App. 2006) (noting courts may "consider the circumstances underlying the formation of a contract to determine whether a particular contractual provision is ambiguous"). Nothing Choi proffered explicitly states that the Corbett grant requires acknowledgement for collaborative work. The district court properly granted Daby's summary judgment motion.

The district court also properly granted Reed's motion for summary judgment. Contrary to Choi's assertion, Reed was not required to submit any evidence in support of its motion for summary judgment on Choi's breach of contract claim—Choi bore the burden of persuasion at trial. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Moreover, Reed properly relied on Choi's complaint, his deposition testimony, and other materials in the record. Fed. R. Civ. P. 56(c)(1)(A).

Choi failed to adduce sufficient evidence that Reed materially breached its disability accommodation policy, even if the policy were construed as a contract between Reed and Choi. Reed's disability policy requires a student to submit appropriate documentation of a claimed disability. Nothing in the record shows that Choi documented his hereditary hemorrhagic telangiectasia (severe nosebleeds) to Reed (or, for that matter, to the district court).

Moreover, Reed twice accommodated Choi after he missed his thesis defense (according to Choi's complaint, because of a severe nosebleed). Choi's professors granted him an extension to rework his thesis through winter break. Even after Choi failed to meet the deadline, Reed informed him he could re-enroll. As Choi has not pointed to any evidence in the record suggesting that these accommodations were unreasonable or contrary to Reed's accommodation policy, the district court correctly found there was no breach of the disability policy.

The district court also correctly found that Reed did not breach its sexual harassment policy. Choi never told anyone of his alleged sexual relationship with Daby until after he was no longer a student at Reed, two years after he claims the relationship ended. Choi cites no evidence in the record nor alleges in his complaint that Reed knew (or should have known) of Daby's alleged actions he claims violated the policy. Nor does he allege or introduce evidence that Daby had had sexual relationships with other students and Reed knew and turned a blind eye. Rather, the undisputed record shows Choi never told anyone of the alleged sexual relationship while he was a student and is devoid of evidence that Reed was, or should have been, on notice of Daby's alleged actions. For these reasons, Choi has not carried his burden to show there is a genuine dispute regarding whether Reed

6

breached its sexual harassment policy.[1]

**3.** The district court properly dismissed Choi's Title IX claim as untimely because the two-year statute of limitations had run, and Choi has pled no facts showing otherwise. In response to Reed's motion to dismiss his Title IX claim, he presented no facts demonstrating that he was entitled to equitable tolling or equitable estoppel and has not done so on appeal.[2]

Choi raised an equitable tolling argument before the district court, but on appeal argues that *equitable estoppel* is the proper doctrine. Even if Choi had not abandoned his equitable tolling argument on appeal, it would fail as he has not shown he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing suit. *See Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) (en banc) (explaining the two-prong test for equitable tolling).

Equitable estoppel focuses on the defendant's action and "is based on the principle that a party should not be allowed to benefit from its own wrongdoing." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (internal

---

[1] Because we affirm on this ground, we need not reach the district court's alternate conclusion that the sexual harassment policy allows the type of encounter alleged to have occurred here.

[2] We address both of Choi's equitable arguments despite Choi not raising equitable estoppel before the district court. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1185-86 (9th Cir. 2001) (en banc) (noting that the two doctrines are distinct but often conflated and allowing plaintiff to raise an equitable tolling argument after previously relying on equitable estoppel) *overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc).

7

quotation marks and citation omitted). Thus, one of its core elements is "detrimental reliance." *Id.* Choi has not shown that he detrimentally relied on any affirmative misrepresentation by Reed. Even if Choi can show he is entitled to tolling through 2015, when he submitted a complaint to Reed against Daby, nothing in the record or in the complaint shows Reed made any affirmative misrepresentations from that time until the two-year statute of limitations expired. *Cf. id.* at 815 (finding equitable estoppel applied when plaintiff was "dissuaded from bringing the claim by affirmative misrepresentations and stonewalling by the police").

Choi argued below and on appeal that he is entitled to discovery to support his position that his Title IX claims were not time-barred. He has shown no facts to support his theory and cites no case law requiring more discovery when a plaintiff has not sufficiently pled equitable estoppel. And *Amaro* counsels otherwise. 653 F.3d at 813 (noting that "the plaintiff carries the burden of *pleading* and proving . . . elements of equitable estoppel" (emphasis added)). The district court properly dismissed Choi's Title IX claims as time-barred.

**AFFIRMED.**